Dennis J. KRESGE, Plaintiff,

v.

CIRCUITEK, DIVISION
OF TDI, Defendant.

No. 95–CV–7415.

United States District Court,
E.D. Pennsylvania.

March 24, 1997.

Mark S. Scheffer, Larry Pitt and Associates, Philadelphia, PA, for plaintiff.

Hugh J. Hutchison, Leonard, Tillery and Sciolla, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

### INTRODUCTION

This federal question action concerns an alleged breach of the Americans with Disabilities Act, (the "ADA"), as codified at 42 U.S.C. § 12101 *et seq.* and the Pennsylvania Human Relations Act, ("PHRA") as codified at 43 Pa. Stat. Ann § 951 *et seq.*

Plaintiff claims that defendant withdrew an offer of employment, because of a false perception that plaintiff suffered from a disability which would affect his ability to perform adequately on the job. Defendant claims that the offer of employment was withdrawn because plaintiff did not pass a medical examination and therefore could not meet the physical requirements of the job. Accordingly, defendant has brought this summary judgment motion. Nevertheless, we have denied defendant's motion.

## BACKGROUND

In April 1994, Circuitek placed an advertisement for an electroplater in the newspaper. Plaintiff responded to the advertisement and applied for the position on April 12, 1994. According to defendant, plaintiff was offered the position conditioned upon the results of an employment pre-placement examination. After the examination, Dr. Davidson, who examined plaintiff, recommended that plaintiff not do any work that requires prolonged standing or walking. Nevertheless, Dr. Davidson did indicate that plaintiff was recommended for the job. In any event, defendant refused to hire plaintiff after the examination.

Defendant makes two primary arguments in support of its motion for summary judgment. First, Defendant argues that plaintiff is not disabled within the meaning of the ADA. Second, defendant contends that it has a legitimate non-discriminatory reason for failing to hire plaintiff, since plaintiff was unable to walk or stand for prolonged periods and the job analysis that defendant had prepared indicated that most of the electroplater's day would be spent walking and standing.

In response to defendant's motion, plaintiff makes several factual assertions. First, plaintiff points out that Dr. Davidson recommended plaintiff for the job, and therefore, that plaintiff must be physically capable of performing the required tasks. Second, plaintiff claims that he was successfully doing similar work before he interviewed for a position with defendant, and therefore that he was not only qualified for the position but physically capable to perform the required tasks. In fact, plaintiff claims that the previous job was more strenuous and required lifting heavier objects yet, plaintiff asserts, he never had any problems accomplishing the tasks required at that job.

In addition, plaintiff's makes several allegations about the events surrounding his interview and subsequent contact with defendant. These occurrences, plaintiff claims, demonstrate that defendant refused to hire him because defendant perceived plaintiff as disabled. Specifically, plaintiff alleges that defendant's personnel manager began questioning him about a previous worker's compensation claim arising from a knee injury, and that defendant then stated that insurance companies "are funny today." (Kresge Aff. ¶ 19). Plaintiff also alleges that defendant called him after he was examined by Dr. Davidson to confirm his starting date, but that the very next day, plaintiff received a call in which defendant indicated that he was not going to hire plaintiff because of the previous worker's compensation claim. In addition, plaintiff claims that he was told by defendant that defendant had asked Dr. Davidson not to recommend plaintiff, because of concern that defendant's insurance rates would increase if they hired plaintiff. Defendant then allegedly asked plaintiff to sign a form releasing them from liability with respect to his knee injury and plaintiff agreed. Nevertheless, plaintiff was refused access to defendant's property when he went to sign the form. Finally, plaintiff claims that defendant told him that they offered the job to another gentleman who was approximately plaintiff's size, and then had told their doctor not to approve him, so that if plaintiff sued them, they would be able to state that they had not hired the other gentlemen either.

## DISCUSSION

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) authorizes the court to grant summary judgment if there is no genuine material issue of fact. In deciding the motion, the court is constrained to draw all reasonable inferences in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 340 (3d. Cir.1985). If a reasonable jury could find in favor of the non-moving party, summary judgment will not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Rather, the summary judgment standard requires the moving party to show that the case is so one-sided that it should prevail as a matter of law. *Id.* at 252, 106 S.Ct. at 2512. Nevertheless, the non-moving party must raise more than a scintilla of evidence in order to overcome a summary judgment motion, and cannot rely on unsupported assertions. *Williams v. Bor-*

*ough of West Chester,* 891 F.2d 458, 460 (3d Cir.1989).

## II. ADA Claim [1]

The ADA prohibits discrimination against individuals with disabilities in connection with their employment and provides, in pertinent part,

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a) (West 1995).

A covered entity is any "employer, employment agency, labor organization, or joint-labor management committee." 42 U.S.C. § 12111(2). The term disability can either refer to a "physical or mental impairment that substantially limits one or more of the major life activities of [an] individual, a record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. 12102(2)(A)–(C). A "qualified individual with a disability" means "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In addition to the definitions provided in the text of the statute, there are several regulations which aid in the interpretation of the provisions of the ADA. Under these regulations, major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *See* 29 C.F.R. § 1630.2(h)(2)(i).

■ Plaintiff concedes that he does not have a physical or mental impairment that substantially limits one or more of his major life activities. Instead, plaintiff argues that he meets the definition of disability under the ADA both because he has a record of such an impairment, and he was regarded as having such an impairment by Circuitek.

We agree with plaintiff's contention that his ailment cannot be said to substantially limit his ability to perform life's functions. *See e.g. Kelly v. Drexel,* 907 F.Supp. 864, 874 (E.D.Pa.1995) *aff'd* 94 F.3d 102 (3d. Cir. 1996) (plaintiff's inability to walk more than a mile or climb stairs even though most people could probably do so does not constitute disability within meaning of ADA). The inability to stand or walk for prolonged periods even though most people may be able to do so, cannot be said to be a substantial limitation, and the inability to perform the tasks required of a single job is not a substantial impairment; the impairment would have to restrict the person from performing a class of jobs or a broad range of jobs in various classes as compared to the average person with similar skills. *See* 29 C.F.R. § 1630.2(j)(3)(i).

Nevertheless, we note that plaintiff has not shown that he has a record of a substantially limiting impairment. Plaintiff points out that he has had several knee operations since 1979 and that his medical history is the record of such an impairment. Unfortunately, plaintiff's impairment must be substantially limiting in order for his past records to be a "record of such an impairment." *Olson v. General Electric Astrospace,* 101 F.3d 947, 953 (3d Cir.1996) (in order to successfully claim that plaintiff falls within ADA's definition of disabled because of having a record of an impairment, plaintiff must show that the impairment was substantially limiting). Since plaintiff's knee injury is not substantially limiting, and plaintiff has not presented evidence to suggest that it was substantially limiting in the past, we cannot hold that plaintiff is disabled because of a record of an impairment.

■ Having determined that plaintiff does not have a substantial physical or mental impairment, or a record of such an impairment, plaintiff can only be adjudged to have a disability within the meaning of the ADA if

---

1. The PHRA has definitions that are exactly the same as the ADA. Therefore, we will not discuss plaintiff's PHRA claims since our discussion of the ADA claim will dispose of the PHRA Claims as well. *See e.g. Doe v. Kohn Nast & Graf P.C.,* 862 F.Supp. 1310, 1323 (E.D.Pa.1994).

he were nevertheless regarded by his employer as having such an impairment. Since plaintiff's illness was well-known to his employers, whether his employer regarded him as having such an impairment, and then discriminated against him because of it, is a factual question for a jury's determination. *Kelly,* 907 F.Supp. at 874.

Since a jury could find that plaintiff was regarded as having a disability, we must next determine whether plaintiff was a "qualified individual with a disability." A "qualified individual with a disability" refers to "an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position...." 29 C.F.R. § 1630.2(m).

Defendant has claimed that the essential function of plaintiff's job is that of supervising, and that plaintiff's tasks could not be done without requiring plaintiff to perform some of the activities prohibited by his doctor. Plaintiff has not disputed defendant's description of the duties required by the job. Instead, plaintiff's argument is that since he was able to perform those same tasks successfully in his previous employment, he is not disabled; rather, defendant has erroneously regarded him as disabled because of his medical history. We therefore assume that plaintiff must be claiming that he can perform the essential tasks of the job without any accommodation by defendant. If such is the case, plaintiff would then meet the definition of a "qualified individual with a disability."

Nevertheless, plaintiff must also present a prima facie case of discrimination. In this case, plaintiff must show that though he was disabled, he was qualified for the job, yet defendant refused to hire him, and subsequently continued to seek applications from other qualified persons. *Kelly,* 907 F.Supp. at 878.

We have already discussed the issue of whether plaintiff is disabled within the meaning of the ADA, and plaintiff has already alleged that he was qualified since he had done similar work in connection with his previous employment. Furthermore, it is undisputed that defendant did not hire plaintiff, or at least that defendant subsequently revoked an offer. Finally, plaintiff has alleged that he was told by defendant that another gentleman was subsequently interviewed for the position, suggesting that defendant continued to seek applications.

 After plaintiff has presented a prima facie case, defendant must articulate a legitimate non-discriminatory reason for failing to hire plaintiff. *Olson,* 101 F.3d at 951. Then, plaintiff must present evidence that would tend to show that defendant's proffered reason is merely a pretext. *Id.*

Defendant has claimed that it legitimately refused to hire plaintiff because the results of his medical examination suggested that plaintiff could not perform the required tasks of the job. Nevertheless, plaintiff has alleged that defendant stated that he was not hired because of his past worker's compensation claims, and that defendant made comments suggesting that hiring plaintiff would negatively affect defendant's insurance. Even though defendant has not directly addressed these assertions, we assume that defendant would dispute them. Accordingly, a jury must decide whether these alleged statements were in fact made, and whether they indicate that defendant's reason is a pretext. Therefore, we deny defendant's motion for summary judgment.

**CONCLUSION**

Since plaintiff has made a prima facie case of discrimination, and has presented evidence from which a jury could conclude that defendant's reason for refusing to hire him was a pretext, we have denied summary judgment.